UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
LOU-ANN ELIAS,

                              Plaintiff,

       -against-

CITY OF NEW YORK; MICHAEL BLOOMBERG,       **MEMORANDUM & ORDER**
as Mayor of the City of New York, POLICE
DEPARTMENT CITY OF NEW YORK; RAYMOND       10-CV-5495 (SLT) (LB)
KELLY, as Police Commissioner of the City of New
York and as Chair of the Board of Trustees Police
Pension Fund of the City of New York; MEMBERS of
the BOARD OF TRUSTEES of said fund; DEPUTY
INSPECTOR JEFFREY MADDREY, individually
and in capacity of Commanding Officer of 73rd Pct.;
LT BATTLE, individually and in capacity of Platoon
Commander at 73rd Pct.; PATROLMAN'S
BENEVOLENT ASSOCIATION; WORTH,
LONGWORTH & LONDON, LLP,

                              Defendants.
------------------------------------------------------------------x

**TOWNES, United States District Judge:**

      On November 19, 2010, plaintiff Lou-Ann Elias filed this pro se action alleging employment discrimination and retaliation based on race, gender, color, and religion against various defendants associated with the City of New York, the New York City Police Department and, in particular, the 73rd Precinct. Plaintiff asserts violations under Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a et seq. ("Title II"), 42 U.S.C. §§ 1981, 1982, 1983, 1985, and 1986, as well as the New York State Human Rights Law, and the New York City Human Rights Law. The Court grants Plaintiff's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, as set forth below, the Court dismisses Plaintiff's claims to the extent that they are brought under Title II, and grants Plaintiff permission to file an amended complaint within 45 days of the date of this Memorandum and Order.

**BACKGROUND**

Plaintiff has filed her complaint on a form provided by the court, titled "Complaint under Title VII, ADA or ADEA." See http://www.nyed.uscourts.gov/General_Information/ Court_Forms/court_forms.html (last visted Dec. 7, 2010). The first page of the form, which allows plaintiffs to indicate the statute under which they seek to bring their action, is omitted. In its place, Plaintiff has attached her own caption and asserted claims. Plaintiff notes that she was employed[1] at "1470 East New York,"[2] (Compl. ¶ 3), when she was allegedly the victim of "termination" and "retaliation," (id. ¶ 4), on the basis of race, gender, color, and religion,[3] (id. ¶ 7). The following is Plaintiff's statement of facts in its entirety:

> (1) After filing a charge alleging employment discrimination Defendants retaliated against Plaintiff by placing her on modified assignment, suspension & termination.
> (2) Defendants subjected Plaintiff to disparate treatment because of her religion, race and gender, by instructing her to go to Lefrak[4] and then placing her [on] modified status, suspending her & ultimately terminating Plaintiff.

(Id. ¶ 8). Plaintiff indicates that the alleged acts occurred on November 19 and 20, 2007, and that she filed a charge with the New York State and New York City Human Rights departments on June 22, 2007, and with the Equal Employment Opportunity (EEOC) Commission in "June 2007." (Id. ¶¶ 5, 9, 10). She has not attached to her complaint a copy of these charges or an EEOC right to sue letter.

---

[1] Plaintiff does not state in what capacity she was employed.

[2] The New York City Police Department's 73rd Precinct is located at 1470 East New York Avenue in Brooklyn, New York. See http://www.nyc.gov/html/nypd/html/precincts/ precinct_073.shtml (last visited Dec. 7, 2010).

[3] Although Plaintiff's gender is self-evident from her name and use of pronouns, she gives no indication of her status as to race, color, or religion.

[4] It is possible that Plaintiff is referring to a public housing project.

**STANDARD OF REVIEW**

In reviewing Plaintiff's filings, the Court is mindful that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Although a complaint need not include "detailed factual allegations," it must do more than put forth "labels and conclusions." Id. at 555. A claim will be considered "plausible on its face . . . when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). If the Court determines that an in forma pauperis action is frivolous or fails to state a claim, it may dismiss the complaint. 28 U.S.C. § 1915(e)(2)(B).

**DISCUSSION**

**Title II Claim**

Based upon the quite limited facts Plaintiff provides in her complaint – and the list of defendants in her caption – it seems unlikely that she means to bring this action pursuant to Title II, which prohibits discrimination in the provision of "goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation," such as a hotel, restaurant, or theater. 42 U.S.C. § 2000a(a)-(b). Indeed, "the overriding purpose of Title II is to remove the daily affront and humiliation involved in discriminatory denials of access to facilities ostensibly open to the general public." Gilmore v. Amityville Union Free School Dist., 305 F. Supp. 2d 271, 278 (E.D.N.Y. 2004) (quoting Daniel v. Paul, 395 U.S. 298, 307-08 (1969)) (internal quotation marks and bracketing omitted). That is not the case here. Plaintiff has failed

to plead any facts or name defendants that would suggest discrimination occurred in the public accommodation context. Accordingly, to the extent her claims are brought under Title II, they are dismissed.

**Title VII Claim**

Construing the complaint liberally, Plaintiff appears instead to assert a claim pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"). As a preliminary matter, a plaintiff must pursue available administrative remedies and file a timely complaint with the EEOC as a "precondition to filing a Title VII claim in federal court." Deravin v. Kerik, 335 F.3d 195, 200 (2d Cir. 2003). To that end, Plaintiff does allege that she filed a charge of discrimination with the EEOC, though she does not provide a copy of her EEOC charge or right to sue letter and she may face a time bar.

To establish a prima facia case under Title VII, a plaintiff must show: "(1) that he belonged to a protected class; (2) that he was qualified for the position he held; (3) that he suffered an adverse employment action; and (4) that the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent." Holcomb v. Iona College, 521 F.3d 130, 138 (2d Cir. 2008). The Supreme Court has described a plaintiff's burden in this context as "minimal," St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506 (1993), and the Second Circuit has similarly held it to be "de minimis," Sassaman v. Gamache, 566 F.3d 307, 312 (2d Cir. 2009). Additionally, it is important to note that "individuals are not subject to liability under Title VII." Wrighten v. Glowski, 232 F.3d 119, 120 (2d Cir. 2000) (per curiam).

In this case, construing the complaint liberally, Plaintiff has established three elements of a prima facie case for discrimination. First she alleges that she belongs to a protected class based

4

on race, gender, color, and religion – though, as noted, only her gender status is self-evident. Second, the complaint arguably asserts that Plaintiff was qualified for the position she held, "as [s]he had in fact been hired for that position." Feingold v. New York, 366 F.3d 138, 152 (2d Cir. 2004). Third, Plaintiff's allegations, if true, would establish that she experienced three potentially adverse employment actions: placement on modified assignment, suspension, and termination. See id. at 152-53.

As to the fourth element, however, a plaintiff "must do more than recite conclusory assertions" to survive a motion to dismiss. Yusuf v. Vassar College, 35 F.3d 709, 713 (2d Cir. 1994). Indeed, a plaintiff "must specifically allege the events claimed to constitute intentional discrimination as well as circumstances giving rise to a plausible inference of . . . discriminatory intent." Id.; see also Sassaman, 566 F.3d at 312 (inference may be established by, inter alia, "the employer's . . . invidious comments about others in the employee's protected group; or . . . the sequence of events leading to the plaintiff's discharge"). Here, Plaintiff arguably has not met that threshold, stating only that "Defendants subjected Plaintiff to disparate treatment . . . by instructing her to go to Lefrak." (Compl. ¶ 8).

**Remaining Civil Rights Claims**

Turning to the remaining federal statutory bases asserted in the complaint, 42 U.S.C. §§ 1981, 1982, 1983, 1985, and 1986, Plaintiff simply does not allege sufficient facts to put the defendants on notice regarding her claims. Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a plaintiff's complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief." Goonewardena v. New York, 475 F. Supp. 2d 310, 320 (2d Cir. 2007) (quoting Rule 8(a)(2)). Additionally, while the Rule "does not demand that a

5

complaint be a model of clarity or exhaustively present the facts alleged, it requires, at a minimum, that a complaint give each defendant "fair notice of what the plaintiff's claim is and the ground upon which it rests." Atuahene v. City of Hartford, 10 Fed. Appx. 33, 34 (2d Cir. 2001) (dismissing complaint because plaintiff "lump[ed] all the defendants together and "provided[ed] no factual basis to distinguish their conduct").

In this case, Plaintiff fails to give the defendants fair notice of her remaining civil rights claims or to allege facts against each individual and entity. The limited facts contained in the complaint attribute discrimination, retaliation, and disparate treatment generally to "Defendants," (Comp. ¶ 8), without distinguishing their individualized conduct. Moreover, Plaintiff fails to allege facts showing how the defendants violated the federal statutes pursuant to which she seeks relief.

**Leave to Amend**

Nevertheless, the Second Circuit has made clear that courts "should not dismiss without granting leave to amend at least once when a liberal reading of the [pro se] complaint gives any indication that a valid claim might be stated," especially through a sua sponte order. Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999); see also Tucker v. Bowery Residents' Committee, 95 Fed. Appx. 386, 387 (2d Cir. 2004) ("[W]e have often counseled against dismissing an action without giving the plaintiff notice and an opportunity to be heard."); Thompson v. Carter, 284 F.3d 411, 416 (2d Cir. 2002) (court should not dismiss without leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated").

Accordingly, Plaintiff shall have 45 days from the date of the Memorandum and Order to file an amended complaint, which must comply with Rule 8(a) of the Federal Rules of Civil Procedure. Should Plaintiff elect to file an amended complaint, she is directed to: (1) name as proper defendants those individuals and/or entities with some involvement in the actions alleged in the amended complaint; (2) describe each defendant and the role that defendant played in the alleged deprivation of her rights; (3) set forth factual allegations to support her claims against each named defendant, including her status in the classes she lists as well as the dates and locations for each relevant event; and (4) state the relief she is seeking.

The amended complaint shall be captioned as "Amended Complaint," name each defendant in the caption, and bear the same docket number as this Memorandum and Order (10-CV-5495). If Plaintiff fails to amend within 45 days, the Court shall dismiss the complaint in its entirety.

## CONCLUSION

For the aforementioned reasons, Plaintiff's request to proceed in forma pauperis, (Docket No. 2), is granted and only her claims brought under Title II are dismissed. Additionally, if Plaintiff chooses to amend her complaint, she must do so within 45 days of the date of this Memorandum and Order. No summons shall issue at this time and all further proceedings shall be stayed for the same period.

**SO ORDERED.**

　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　SANDRA L. TOWNES
　　　　　　　　　　　　　　　　United States District Judge

Dated: December 30, 2010
　　　　Brooklyn, New York